UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FERRIS CLARK SR. | CIVIL ACTION NO. |
| VERSUS | SECTION |
| PHI, INC., BELL HELICOPTER TEXTRON INC. and ALLIANZ GLOBAL CORPORATE & SPECIALTY AG | MAGISTRATE |

# **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes plaintiff, FERRIS CLARK SR., a person of the full age of majority and a resident of Lincoln County, State of Mississippi, who respectfully represents:

1.

Made defendants herein are:

A. PHI, INC., a Louisiana corporation authorized to do and doing business in the State of Louisiana;

B. BELL HELICOPTER TEXTRON, INC. ("hereinafter sometimes referred to as BELL"), a non-Louisiana corporation doing business in the State of Louisiana; and

C. ALLIANZ GLOBAL CORPORATE & SPECIALTY AG, a non-Louisiana insurance company, authorized to do and doing business in the State of Louisiana.

2.

Said defendants are justly and truly indebted jointly, severally and in solido unto plaintiff for reasonable damages in the premises, together with judicial interest and for all costs of these proceedings for the following reasons to wit:

3.

Jurisdiction in this matter is founded under 28 U.S.C. 1333, admiralty and maritime jurisdiction, and plaintiff hereby designates this matter as a bench trial under Rule 9(h) of the Federal Rules of Civil Procedure. If and only in the alternative that admiralty and maritime jurisdiction is found not to apply, then plaintiff pleads that jurisdiction is this matter is founded under 28 U.S.C. 1332, more commonly referred to as diversity jurisdiction.

4.

On or about March 24, 2011, plaintiff, FERRIS CLARK SR., was a passenger aboard a BELL manufactured 206L-3 helicopter, N32041, owned and/or operated by PHI, INC. (hereinafter sometimes referred to as "PHI").

5.

At all times relevant herein, said helicopter was piloted by an employee of PHI acting in the course and scope of his employment.

6.

At approximately 1700 central daylight time on or about March 24, 2011, the above referenced helicopter in which plaintiff was a passenger attempted to depart from offshore platform Main Pass 61A located in or adjacent to the coast of the Parish of Plaquemines, State of Louisiana.

7.

After the helicopter lifted off from the platform and entered the airspace above the Gulf of Mexico, it suddenly and without warning began to spin and lose altitude, eventually crashing violently into the waters of the Gulf of Mexico.

8.

Following the crash, the helicopter was situated upside down in the waters of the Gulf of Mexico with plaintiff, FERRIS CLARK SR., trapped in the cabin of the helicopter unable to unbuckle his seat belt as it filled up with water; only with great difficulty was plaintiff able to escape the cabin of the helicopter.

9.

Upon information and belief, the helicopter referenced hereinabove was manufactured and distributed by BELL, and at all times referenced herein was used in a reasonably anticipated manner.

10.

The aforesaid accident and resulting injuries and damages were caused solely and proximately by the fault and/or negligence and/or strict liability of the defendants in the following non-exclusive particulars rendering defendants liable unto the plaintiff under the general maritime law and/or under Louisiana State law:

**A. PHI, INC.**

1. Failing to properly inspect the helicopter and its component parts;
2. Failing to properly maintain and service the helicopter;
3. In operating a helicopter which was unfit for its intended use;
4. In operating a helicopter which failed to keep rotor effectiveness;
5. In failing to follow proper procedures and regulations;
6. Creating and/or allowing to exist an unreasonable risk of harm for persons using said helicopter;
7. Permitting a condition to exist that could cause users of said helicopter to become injured;

8. Failing to warn users of the potential hazards of the helicopter in its then existing condition;

9. Failing to have a competent and adequately trained individual to pilot the helicopter;

10. Failing to adequately train and instruct PHI's employees in a reasonable and ordinary manner;

11. Failing to adequately supervise PHI's employees in a reasonable and ordinary manner;

12. Employing a pilot who operated the helicopter in an unsafe, careless, negligent and reckless manner;

13. Employing a pilot who failed to properly inspect, maintain and service the helicopter;

14. Failing to conduct regular and periodic checks on PHI's employees in a reasonable and ordinary manner; and

15. Other acts and omissions creating liability which will be more fully shown at the trial of this matter.

**B. BELL HELICOPTER TEXTRON**

1. In manufacturing a product which is unreasonably dangerous in construction, design, and/or composition;

2. Creating and/or allowing to exist an unreasonable risk of harm for persons using said helicopter;

3. In failing to have adequate operating guidelines and/or instructions for the helicopter in question;

4. In failing to have adequate warnings for the operation of the helicopter in question;

5. In manufacturing and/or distributing a product which does not conform to the express warranty of the manufacturer; and

6. Other acts and omissions creating liability which will be more fully shown at the trial of this matter.

11.

At the time of the incident sued upon, there was in full force and effect a policy of

liability insurance issued by defendant, ALIANZ GLOBAL & SPECIALTY AG, to and in favor of PHI which policy affords coverage for causes of action alleged herein and which policy insures to the benefit of the plaintiff, thereby entitling plaintiff to maintain this direct action against ALIANZ GLOBAL & SPECIALTY AG and thereby also rendering the defendant insurer liable, jointly and in solido, with the other defendants named herein for the damages sued for by plaintiff.

12.

The choice of law for all causes of action for negligence and fault asserted herein against defendants is the general maritime law, which is hereby supplemented by applicable Louisiana State law causes of action were necessary and, in the alternative, replaced by applicable Louisiana State law and causes of action were necessary if the general maritime law is found not to apply.

13.

At all times relevant herein, the pilot of the helicopter was an employee of PHI acting in the course and scope of his employment and, as such, PHI is liable to plaintiff for any acts of negligence and/or fault on the part of the pilot in causing this accident and the resulting damages sustained by the plaintiff.

14.

As a result of the above described incident, plaintiff suffered severe and painful personal injuries, including but not limited to injuries to his hands, arms, shoulders, neck, back and other body parts which will be shown upon the trial of this matter. Furthermore, as a result of the above described incident, plaintiff sustained post-traumatic stress disorder and severe psychological trauma and injury.

15.

Plaintiff itemizes his damages as follows:

A. Past, present and future medical expenses;

B. Past, present and future lost wages, income, earning capacity, and employment related benefits;

C. Past present and future physical pain and suffering;

D. Past present and future mental pain and suffering;

E. Past, present and future physical and mental pain and anguish, disability, disfigurement, inconvenience, embarrassment, humiliation, loss of ability to pursue happiness and personality change; and

F. Additional damages to be shown at the trial of this matter.

16.

Plaintiff, FERRIS CLARK, is entitled to TWELVE MILLION AND NO/100 ($12,000,000.00) DOLLARS as damages.

17.

Plaintiff, FERRIS CLARK, is entitled to prejudgment interest on his damages from the date of loss. As to any damages which the Court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand or, in the alternative, the date of judgment.

WHEREFORE, plaintiff, FERRIS CLARK, prays that the defendants, PHI, INC., BELL HELICOPTER TEXTRON INC. AND ALLIANZ GLOBAL CORPORATE & SPECIALTY AG, be duly cited and served with a copy of this petition and that after all due proceedings be had, there be judgment herein in favor of plaintiff and against the defendants jointly, severally and in solido for a reasonable sum in the premises, together with judicial interest and for all costs of these proceedings.

Plaintiff further prays for all other general and equitable relief necessary and appropriate in the premises.

Respectfully submitted,

/s/ Jodi Jacobs Aamodt

BY: ___________________________________

**STANLEY J. JACOBS, #7211**
**JODI JACOBS AAMODT, #21639**
**JACOBS, MANUEL, KAIN & AAMODT**
500 Saint Louis Street – Suite 200
New Orleans, LA 70130
Telephone: (504) 523-1444
Facsimile: (504) 524-1655

- and -

**COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.**

**PHILIP F. COSSICH, JR., #1788 (T.A.)**
**DARREN D. SUMICH #23321**
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000
Facsimile: (504) 394-9110

Attorneys for Plaintiff