UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FERRIS CLARK SR.**                           **CIVIL ACTION**

**VERSUS**                                     **NO. 12-411**

**PHI, INC., BELL HELICOPTER**                 **JUDGE HELEN G. BERRIGAN**
**TEXTRON INC., and ALLIANZ**
**GLOBAL CORPORATE & SPECIALTY AG**

### ORDER AND REASONS[1]

Plaintiff Ferris Clark Sr. brings this suit regarding a helicopter crash against PHI Inc. ("PHI"), Bell Helicopter Textron Inc. ("Bell"), and Allianz Global Corporate & Specialty AG ("Allianz").  PHI is the owner and operator of the helicopter. (Rec. Doc. 1 at 2). Bell is the manufacturer and distributor of the helicopter. *Id*. at 3.  Allianz is PHI's insurance provider. (Rec. Doc. 1 at 5).

Before the Court are two Motions.  First, Defendant Bell's Motion for Summary Judgment. (Rec. Doc. 30).  Plaintiff opposes this Motion. (Rec. Doc. 31).  Second, Defendants

---

[1] Rachael McMillan, a second-year law student at Tulane University Law School, assisted in the preparation of this order.

1

PHI and Allianz's Motion to Continue Hearing. (Rec. Doc. 34). Defendant Bell opposes this Motion. (Rec. Doc. 43). Having reviewed the record, memoranda of counsel, and the law, Defendant Bell's Motion for Summary Judgment is DISMISSED WITHOUT PREJUDICE and Defendants PHI and Allianz's Motion to Continue Hearing is DENIED AS MOOT for the following reasons.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 24, 2011, Plaintiff Ferris Clark Sr. boarded a Bell manufactured 206-L helicopter that was owned and operated by PHI with the intent to depart from offshore platform Main Pass 61A, located in Plaquemines Parish, Louisiana. (Rec. Doc. 1 at 2). The helicopter began to lose altitude and spin shortly after takeoff, ultimately crashing into the Gulf of Mexico. *Id*. Plaintiff contends that the helicopter landed upside down in the water, making his escape from the waterlogged helicopter cabin very difficult. *Id*. at 3. As a result, Plaintiff claims to suffer extensive bodily injuries, post-traumatic stress disorder, and "severe psychological trauma and injury." *Id.* at 5.

Plaintiff sued Bell under several causes of action, including unreasonably dangerous design and construction, creating and/or allowing an unreasonable risk of harm, failure to have adequate warnings for helicopter operation, manufacturing and/or distributing a product that does not conform to the manufacturer's express warranty, and "other acts and omissions creating liability which will be more fully shown at the trial of this matter." (Rec. Doc. 1 at 4).

Defendant Bell now moves for summary judgment, arguing that the General Aviation and Revitalization Act's 18-year statute of repose bars Plaintiff's recovery for any of his alleged injuries. (Rec. Doc. 30-1 at 3).

2

## II.     STANDARD OF REVIEW

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting Fed.R.Civ.P. 56(c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute ... [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party ... [and a] fact ... [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.,* 882 F.2d 993, 996 (5th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir.1995) (citing *Celotex,* 477 U.S. at 322-24, and Fed. R. Civ. P. 56(e)).  The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson,* 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted).

## III.     LAW AND ANALYSIS

3

A.     **The General Aviation Revitalization Act of 1994**

Congress enacted the General Aviation Revitalization Act of 1994 ("GARA") in response to "the enormous product liability costs that our tort system had imposed upon manufacturers of general aviation aircraft." *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1084 (9th Cir. 2001). GARA provides a statute of repose to guard manufacturers from these costs by barring civil actions for death, injury, or property damage against the manufacturers of aircrafts with a maximum seating capacity of 20 passengers if the accident occurred after an 18-year limitation period. *Id.*; 49 U.S.C. § 40101(2)(a)-(c). The statute of repose begins to accrue on "(A) the date of delivery of the aircraft to its first purchaser or lessee, if delivered directly from the manufacturer; or (B) the date of first delivery of the aircraft to a person engaged in the business of selling or leasing such aircraft." 49 U.S.C. § 40101(2)(a). Additionally, the statute of repose may begin to accrue on the date of the "completion of the replacement or addition" of "any new component, system, subassembly or other part which replaced another component system, subassembly, or other part originally in, or which was added to the aircraft and which is alleged to have caused such death, injury, or damage." *Id*.

Summary judgment is often appropriate when the statute of repose has run in favor of the manufacturer. For example, in *Altseimer v. Bell*, the defendant helicopter manufacturer successfully moved for summary judgment upon providing evidence that 18 years had elapsed since the date of purchase when its equipment failure allegedly caused the plaintiff's injuries. *Altseimer v. Bell Helicopter Textron, Inc.*, 919 F. Supp. 340, 342 (E.D.Ca. 1996). Finding that the plaintiff's claims were preempted by GARA, the court explained that "while harsh, such a result is consistent with the purpose of GARA to [protect aircraft manufacturers from long-term liability costs]." *Id*. Similarly, in *Alter v. Bell*, the defendant won a summary judgment motion

for the same reason as in *Altseimer*.  *Alter v. Bell Helicopter Textron, Inc.*, 944 F.Supp 531, 541-42 (S.D.Tex. 1996).  The court in *Alter* concluded that the 18 year statute of repose lapsed by the time the plaintiffs brought suit, thus preempting plaintiffs' claims against the defendant for injuries sustained in a plane crash.  *Id*. at 536-37.  The party seeking to invoke an exception has the burden to demonstrate that the exception applies.  *Bianco v. Cessna Aircraft Co.*, No. 1 CA-CV 03-0647, 2004 WL 3185847, at *3 (Ariz. App. Div. Oct. 19, 2004).  Thus, unless the plaintiff meets the requirements of an exception to GARA's statute of repose, summary judgment is appropriate for when 18 years have elapsed under the statute's guidelines.

GARA's statute of repose is not absolute.  Four narrow exceptions to the statute of repose apply:

> (1) if the claimant *pleads with specificity* the facts necessary to prove, and proves, that the manufacturer with respect to a type of certificate or airworthiness certificate for, or obligations with respect to continuing airworthiness of, an aircraft or component, system, subassembly, or other part of an aircraft *knowingly misrepresented* to the Federal Aviation Administration, required information that is material and relevant to the performance or the maintenance or operation of such aircraft, or the component, system, subassembly, or other part, that is *causally related* to the harm which the claimant allegedly suffered; (2) if the person for whose injury or death the claim is being made is a passenger for purposes of receiving treatment for a medical or other emergency, (3) if the person for whose injury or death the claim is being made was not aboard the aircraft at the time of the accident; or (4) to an action brought under a written warranty enforceable under law but for the operation of this Act."

49  U.S.C. § 40101(b) (emphasis added).

Defendant moves for summary judgment, arguing that GARA's statute of repose bars Plaintiff's claims.  (Rec. Doc. 30-1 at 4). Defendant provides the affidavit of Bruce Taylor, Litigation Manager of Bell, and a signed invoice of sale both attesting to the fact that Defendant sold the helicopter in question to PHI on December 20, 1991.  (Rec. Doc. 35-4 at 1-5).  Defendant argues that Plaintiff's injury occurred on March 24, 2011, over 19 years after Bell's

December 20, 1991 sale to PHI.  (Rec. Doc. 30-1 at 1-2, 5).  Thus, Defendant concludes, GARA's 18-year statute of repose has expired and Plaintiff's claims against Defendant are barred, consistent with the purpose of GARA. (Rec. Doc. 30-1 at 2, 5).

In response, Plaintiff seeks to invoke two exceptions to GARA: knowing misrepresentation and written warranty.  (Rec. Doc. 31 at 4-5).  Plaintiff also argues that Defendant's Motion is premature because Plaintiff has not been afforded enough time to conduct discovery on the exception issues.  (Rec. Doc. 31 at 3).  Specifically, Plaintiff argues that it has not yet received discovery answers and documents from Bell which may provide a basis for liability under one of GARA's exceptions.  (Rec. Doc. 31 at 5-6).

The parties do not dispute that GARA applies to Plaintiff's claims.  Therefore, the Court will examine whether each exception to GARA's statute of repose invoked by Plaintiff applies and thus warrants additional time for discovery.

### B. Knowing Misrepresentation Exception

#### 1. Applicable Law

A plaintiff may overcome GARA's statute of repose if the knowing misrepresentation exception applies. 49 U.S.C. § 40101(2)(b).  GARA requires that "the claimant pleads [knowing misrepresentation] with specificity."  *Id*.  One court explained that "the pleading standard is an obvious analog to Federal Rule of Civil Procedure 9(b), which requires that parties plead fraud 'with particularity.'" *Rickert v. Mitsubishi Heavy Industs., Ltd.*, 923 F.Supp. 1453, 1456 (D.Wyo. 1996).  In the Fifth Circuit, pleading fraud with particularity requires the "time, place, and contents of the false representations, as well as the identity of the person and what [that person] obtained thereby." *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir.1994).

6

Furthermore, the Fifth Circuit explains that "directly put, the who, what, when, and where must be laid out *before* access to the discovery process is granted…We remind that this bite of Rule 9(b) was part of the pleading revolution of 1938. In short, we apply the rule with force, without apology." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).  Thus, GARA's pleading standard has a high bar for its requirements and timeliness.

Four elements of this exception must be pled with specificity for a knowing misrepresentation defense to GARA's statute of repose: "(1) knowledge; (2) misrepresentation, concealment, or withhold of required information to the FAA; (3) materiality and relevance; and (4) a causal relationship between the harm and the accident."  *Rickert*, 923 F.Supp. at 1456. Conclusory statements, beliefs, and opinions absent proof of "materially fraudulent statements or omissions" are not acceptable to meet the pleading standard of GARA's knowing misrepresentation exception. *Bianco,* 2004 WL 3185847 at *7.  Furthermore, any documents used to prove knowing misrepresentation must reference "any statement or submission by [the defendant] to the FAA that was material, relevant, required, and knowingly false." *Id*. at *6.  For example, in *Bianco v. Cessna Aircraft Company*, the court determined that a plaintiff did not meet the requirements of this exception when the plaintiff claimed that the defendant withheld information about its fuel system. *Id*.  The plaintiff submitted affidavits which provided only speculative conclusions about the defendant's alleged concealment; thus, the plaintiff did not meet the requirement to specifically plead knowing misrepresentation. *Id*.

A plaintiff may not plead the knowing misrepresentation exception if raised late in the course of litigation without good cause.  In *Croman Corporation v. General Electric Company,* the court did not allow a plaintiff's knowing misrepresentation claim when it was pled for the first time in response to the defendant's motion for summary judgment.  *Croman Corp. v. Gen.*

*Electric. Co.*, No. 2:05-cv-0575-GEB-JFM, 2006 WL 3201099 at *6 (E.D.Cal. Nov. 2, 2006). The court explained that the plaintiff never specifically pled the exception in its complaint or amended complaint, the latter for which it was on notice from the defendant's answer that the defendant planned to use the GARA defense. *Id*. The plaintiff was unable to show good cause for why it invoked the knowing misrepresentation in an untimely manner; hence, specifically pleading this exception is unacceptable when the plaintiff had notice of the defendant's GARA defense but did not specifically plead knowing misrepresentation until a summary judgment motion. *Id*.

### 2. Analysis

Defendant takes issue with Plaintiff's tardy argument that this GARA exception may apply. (Rec. Doc. 35-3 at 2, 5). Defendant asserts that Plaintiff never pled the knowing misrepresentation exception with the specificity that GARA requires because Plaintiff raised this defense in its opposition to Defendant's Motion for Summary Judgment rather than its initial or supplemental complaints. *Id.* at 2  Plaintiff responds that it needs additional time to determine if the knowing misrepresentation exception may apply to its case. (Rec. Doc. 31 at 6). The Court finds that Plaintiff has not met the requirement of pleading knowing misrepresentation with specificity in order to successfully invoke this exception to overcome GARA's statute of repose. 49 U.S.C. § 40101(2)(b).

Under the precedent set out by *Rickert*, where GARA requires a plaintiff to plead the four necessary elements of knowing misrepresentation with specificity, Plaintiff in this case falls short of GARA's pleading standard for this exception. *Rickert*, 923 F.Supp. at 1456.  Plaintiff argues in its opposition to Defendant's Motion that it needs more time to determine if "any of the

8

exceptions to GARA apply." (Rec. Doc. 31 at 5).  This argument does not excuse Plaintiff's neglect of GARA's pleading standard for the knowing misrepresentation exception.  Following *Rickert's* conclusion that GARA's pleading standard is analogous to Federal Rule of Civil Procedure 9(b) for pleading fraud, Fifth Circuit jurisprudence does not take kindly upon Plaintiff's omission.  *Rickert,* 923 F.Supp. 1456; *See Williams*, 112 F.3d at 178.

    Plaintiff's attempt to invoke the knowing misrepresentation exception also comes too late in the course of litigation.  Just as in *Croman* where a plaintiff was unsuccessful in raising the knowing misrepresentation exception because the defense was raised for the first time in its response to the defendant's summary judgment motion, this case presents a similar set of circumstances.  *Croman*, 2006 WL 3201099 at *6.  In this case, Plaintiff never specifically pled knowing misrepresentation in its complaint or supplemental and amending complaint; indeed, a review of the record shows that this defense is raised for the first time in its opposition to Defendant's Motion for Summary Judgment.  (*See* Rec. Docs. 1, 8, 31).  The *Croman* court further explained that the plaintiff had fair notice that it should plead the elements of knowing misrepresentation because the defendant listed GARA as an affirmative defense in its answer to the plaintiff's complaint.  *Croman*, 2006 WL 3201099 at *6.  Similarly, in this case Plaintiff was on notice that it could plead GARA exceptions because Defendant listed GARA as an affirmative defense in its Answer and Affirmative Defenses.  (Rec. Doc. 10 at 8).  Similar to the plaintiff in *Croman*, Plaintiff here raised no exceptions to GARA until its opposition to Defendant's Motion for Summary Judgment. (Rec. Doc. 31).  Plaintiff does not meet the pleading standard required for this exception to GARA both in time and substance.

### C. Written Warranty Exception

### 1. Applicable Law

The written warranty exception to GARA's statute of repose requires an express written warranty; implied or unwritten warranties do not suffice under the statute. *Bianco*, 2004 WL 3185847 at *7. The Arizona Court of Appeals rejected a plaintiff's argument that the written warranty exception applied in a GARA case when the plaintiff presented implied warranties and "a laundry list of amorphous warranties" regarding the aircraft's airworthiness. *Id*. at *8. The only written warranty the plaintiff presented had expired well before the accident. *Id*. at *7. The court explained that if non-express written warranties could so easily overcome the statute of repose, "we could effectively hold that the GARA never applies...the GARA repose provision would never bar a claim. This cannot be the law." *Id*. at *8. Hence, in order to invoke the written warranty exception, a plaintiff must produce a current express written warranty. *Id.*

The plaintiff has the burden of producing a written warranty that clearly demonstrates a warranty made to the plaintiff or owner and operator of the aircraft by the manufacturer of the part allegedly causing the injury. *Agape Flights, Inc. v. Covington Aircraft Engines, Inc.*, No. CIV-09-492-FHS, 2011 WL 2560281 at *4 (E.D.Okla. June 28, 2011). For example, in *Agape Flights, Inc. v. Covington Aircraft, Inc.*, the plaintiff, the owner and operator of an airplane, was unable to invoke the written warranty exception because it failed to meet the burden of proof of a written warranty between itself and the defendant manufacturer. The court found that the language in the aircraft's rental agreement coupled with Oklahoma state statutes constituted "simply no evidence" of a written warranty for a few reasons. *Id*. First, the warranty was between two defendants, not the plaintiff. Second, even if the rental agreement could be construed to apply to the plaintiff, the agreement's language "[fell] well short of the required

written warranty…to trigger GARA's warranty exception." *Id*. Third, the state law offers no relief to the plaintiff because GARA explicitly "supersedes any State law to the extent that such law permits any civil action." *Id.* (citing GARA § 2(d)). Thus, an explicit written warranty must clearly identify the plaintiff or owner and operator of the aircraft and the defendant manufacturer as parties to the agreement.

### 2. Analysis

Plaintiff explains that Defendant's Motion for Summary Judgment is premature because it has not obtained discovery documents and answers which could reveal a written warranty. (Rec. Doc. 31 at 5). Defendant argues that Plaintiff cannot prove the written warranty exception because "there is no evidence of any written warranty having been made *to plaintiff* nor will any such evidence be found in discovery." (Rec. Doc. 35-5 at 4) (emphasis in original). Furthermore, Defendant contends that Plaintiff never explained why additional discovery would create a genuine dispute of fact to overcome summary judgment under Federal Rule of Civil Procedure Rule 56(d). (Rec. Doc. 35-3 at 3).

The Court finds that Plaintiff may be able to make the case for successful written warranty exception at the close of discovery. Unlike the knowing misrepresentation exception, this exception has no pleading requirement. *See* 49 U.S.C. § 40101(2)(b)(4). Rather, Plaintiff bears the burden of proof to show that an applicable written warranty exists. *Bianco*, 2004 WL 3185847 at *7-*8. Defendant argues that Plaintiff cannot meet this burden by providing a written warranty, but Plaintiff states that it has not received many discovery documents that it requested which may include a written warranty. (Rec. Doc. 31 at 5). Unlike *Agape* and *Bianco* where the written warranty exception did not apply because the plaintiffs in each case provided

implied, unwritten, or irrelevant warranties, in this case plaintiff has not yet discovered a warranty and asks for more time to determine if an express written warranty exists. *Agape,* 2011 WL 2560281 at *4; *Bianco*, 2004 WL 3185847 at *7-*8. Thus, summary judgment is premature with regard to the written warranty exception because there is a chance that discovery will yield an applicable written warranty which Plaintiff could use to invoke an exception to GARA's statute of repose.

## CONCLUSION

Accordingly,

IT IS ORDERED that Defendant Bell's Motion for Summary Judgment is DISMISSED WITHOUT PREJUDICE. (Rec. Doc. 30).

IT IS FURTHER ORDERED that Defendants PHI and Allianz's Motion to Continue Hearing is DENIED AS MOOT. (Rec. Doc. 34).

New Orleans, Louisiana, this 27th day of July, 2012.

**HELEN G. BERRIGAN**
**DISTRICT COURT JUDGE**