UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FERRIS CLARK SR.,                                          CIVIL ACTION

VERSUS                                                     NO. 12-411

PHI, INC., ET AL.                                          SECTION: C (5)

ORDER AND REASONS

Before the Court is the plaintiff's motion in limine to exclude the testimony of defendant PHI, Inc.'s biomechanical engineering expert, Dr. Robert Banks. Rec. Doc. 79. Plaintiff argues that Dr. Banks's potential testimony is totally irrelevant, given the law applicable to his case. Further, he contends that the doctor's testimony is inadmissible under Fed. R. Evid. 702. Having reviewed the record, the memoranda of counsel and the law, the Court denies the plaintiff's motion for the following reasons.

**I. Relevance**

Plaintiff first argues that Dr. Banks's anticipated testimony could not be relevant to this Court's determination of causation and damages under Louisiana's *Housley* doctrine.

In *Housley v. Cerise*, the Louisiana Supreme Court held that the finder of fact in a tort action may presume a causal relationship between an incident and an injury, if the

plaintiff proves the following: (1) that before the incident, he was in good health; (2) that after the incident symptoms of the injury appeared and continuously manifested themselves; and (3) that based on medical evidence, circumstantial evidence, or common knowledge, there is a reasonable possibility of causation between the incident and the injury. *Housley v. Cerise*, 579 So. 2d 973, 980 (La. 1991) (quoting *Lukas v. Insurance Company of North America*, 342 So.2d 591 (La. 1977)).

Regardless of whether the Housley presumption applies or is satisfied on the plaintiff's showing, Dr. Banks's testimony is relevant to this Court's determination of causation and injury. If called, Dr. Banks would testify in part that the plaintiff's spine injuries could have been caused by the plaintiff's fall off his porch on April 23, 2011. The defense in a tort action may always introduce evidence to show that the injuries complained of were caused by some separate incident. The *Housley* presumption, if operative, simply reallocates the final burden of persuasion to the defendant on the issue of causation. *See Gober v. Walgreen Louisiana Co., Inc.*, 46,730 (La. App. 2 Cir. 11/2/11), 80 So. 3d 9, 12, *reh'g denied* (Dec. 8, 2011) (when the plaintiff satisfies the *Housley* presumption, "the burden of proof shifts to the defendant to prove some other particular incident could have caused the injury complained of."), *writ denied*, 2011-2837 (La. 3/2/12), 84 So. 3d 531.

However, insofar as Dr. Banks will testify that injuries sustained during the accident would not have been as severe but for a chronic degenerative disease, such testimony alone will not defeat causation. "Louisiana courts have consistently held that '[w]hen the defendant's tortious conduct aggravates a pre-existing condition, the defendant must compensate the victim for the full extent of the aggravation.'" *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 495 (5th Cir. 2002) (quoting *Lasha v. Olin Corp.*, 625 So.2d 1002, 1006 (La.1993); collecting cases). The Fifth Circuit has in turn observed this rule in the exercise of maritime jurisdiction. *Dahlen*, 281 F.3d at 495.

**II. Rule 702**

Plaintiff also agues that Dr. Banks's methods and proposed testimony do not satisfy the requirements of Rule 702 of the Federal Rules of Evidence.

Rule 702 governs the admissibility of expert opinion testimony. Testimony thus offered will be admissible if it is based upon sufficient facts or data, is the product of reliable principles and methods, and results from reliable application of those principles and methods to the facts of the case. Fed. R. Civ. P. 702. The Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). According to *Daubert*, factors

relevant to assessing reliability of an expert's methods include, (1) testing, (2) peer review and publication, (3) potential error rate, (4) standards controlling the method's operation, and (5) general acceptance in the relevant scientific community. *Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004) (citing *Daubert*, 509 U.S. at 593-94). However, the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 138, 119 S. Ct. 1167, 1170, 143 L. Ed. 2d 238 (1999). Ultimately, "[w]hether an expert's testimony is reliable is a fact-specific inquiry. " *Burleson*, 393 F.3d at 584. Finally, to be admissible under Rule 702, expert testimony need "assist the trier of fact to understand or determine" such an issue. *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

    The plaintiff argues that Dr. Banks's methods would not allow him to opine reliably on the cause of the plaintiff's injuries. Specifically, he challenges Dr. Banks's ability to understand the forces operating on the plaintiff during the accident using only two-dimensional photographs, depositions, and statements. He cites numerous factors omitted in Dr. Banks's analysis. He attacks the doctor's failure to quantify the basis for his opinion in any of his reports. Last, he argues that Dr. Banks lacks appropriate

medical specialization to assess cause of injury.

Dr. Banks's claimed areas of expertise - physics, kinematics, biomechanical engineering, and general medicine - are trusted scientific disciplines with well-established forensic applications. The plaintiff's criticisms do not show that Dr. Banks substantially deviated from approved methods of analysis in those fields. There is nothing inherently unreliable about the use of photographs and witness accounts to estimate the velocity of an object at a particular time. The vulnerabilities addressed in this motion speak to the weight to be given Dr. Banks's testimony, not its overall unreliability or uselessness to the trier of fact. They are thus the proper subject of "[v]igorous cross-examination" and "presentation of contrary evidence." *Daubert*, 509 U.S. at 596. Total exclusion of the evidence in question is unwarranted, particularly in a matter such as this that is set for bench trial. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) ("Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury.").

Accordingly, IT IS ORDERED that the plaintiff's motion in limine is DENIED. Rec. Doc. 79.

New Orleans, Louisiana, this 17th day of October, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE