UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FERRIS CLARK SR.,                                            CIVIL ACTION

VERSUS                                                        NO. 12-411

PHI, INC., ET AL.                                         SECTION: C (5)

ORDER AND REASONS

IT IS ORDERED that:

1. Energy XXI's objection to Exhibit 50 - Motor Nerve Conduction Study Report from Dr. Pervez Mussarat, dated February 10, 2012 - is OVERRULED, assuming Dr. Mussarat testifies at trial.

2. Energy XXI's objection to Exhibit 51 - NTSB Final Report and attachments - is SUSTAINED. *See* 49 U.S.C. § 1154(b) ("No part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report.").

3. Energy XXI's objection to Exhibit 52 - FAA Accident/Incident Report - is OVERRULED. The report consists of factual determinations that the FAA has legal authorization to make. 49 U.S.C. §§ 106(a),1132(c); Fed. R. Evid.

803(8).

4. Energy XXI's objections to Exhibits 54, 55, 56, 57, and 58 - Recommended Practices promulgated by Helicopter Safety Advisory Conference (HSAC) and the Aeronautical Information Manual (AIM) - are OVERRULED. PHI's expert may use them during his testimony. Moreover, the Court will admit the practices and manual separately under the residual hearsay exception. Fed. R. Evid. 807.[1]

5. PHI's objection to Exhibit 60 - Training Records from the Personnel File of Jim Kemper - is SUSTAINED IN PART and OVERRULED IN PART. Mr. Kemper's improper performance of autorotations during his training will not be admitted to show that Mr. Kemper executed autorotation in similarly improper fashion at the time of the plaintiff's accident. Fed. R. Evid. 404(b)(1). Nevertheless, it can be admitted to show that Kemper was trained to perform proper autorotations. Fed. R. Evid. 404(b)(2). The plaintiff has argued that Kemper was negligent in his failure to adhere to this training. Rec. Doc. 120 at 15.

6. Energy XXI's objections to Exhibit 64 - Accident Investigations Emails and

---

[1] No party has identified any objection to Exhibit 53 - HSAC Recommended Practice, 92-4 - even though it is listed among contested exhibits.

Statements - are SUSTAINED IN PART and OVERRULED IN PART as follows.

Energy XXI specifically objects to emails from Tom Yakubovich to Jason Adame. Tom Yakubovich is an employee of PHI. Jason Adame is an FAA investigator. Energy XXI also objects generally to the use of communications from FAA investigators if they do not testify. The copy of the exhibit in the court's possession contains no email from Yakubovich to Adame, though it contains several from Adame to Yakubovich. The Adame emails, like the communications of the other FAA investigators, contain questions posed to Energy XXI employees regarding the plaintiff's accident. The employees' answers are admissible under Fed. R. Evid. 802(d)(2), but only if offered by the plaintiffs. The communications soliciting those answers provide the appropriate context for the answers, and are not relevant to proving the truth of any matters asserted therein. Therefore, they too are admissible on offer by the plaintiffs.

With regard to the statements that may have been made against Energy XXI's interest, PHI has not established that the employees making those statements are unavailable. Fed. R. Evid. 804(a), (b)(3).

7. Energy XXI's objections to Exhibits 66 and 68 - Medical Record Excerpts from Dr. Mark Webb and Southern Neurological Spinal Institute - are OVERRULED, assuming Dr. Webb testifies.

8. The plaintiff's objection to Exhibit 67 - Report from Dr. E. Thomas Cullom - is SUSTAINED. Dr. Cullom was not listed as a will/may call witness and it is now too late to designate him as a witness.

New Orleans, Louisiana, this 25th day of October, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE